should we be vexed by such frivolous and futile motions? An application for leave to take a cause to the court of appeals must state the question of law it desires to have reviewed; and that question must be one not only of importance, but which has never been adjudicated by the court of appeals. A proposition which no lawyer will dispute is not a question of law. Motion denied, with $10 costs. All concur.

---

BICKNELL v. SPIER.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

Action by Henry G. Bicknell against Gilbert M. Spier, Jr., as receiver of the Vertical Tube Boiler Company. A judgment in favor of plaintiff was affirmed (27 N. Y. Supp. 386), and defendant moves for leave to appeal to the court of appeals. Denied.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

John C. O'Connor, for appellant.
Bullard & Shannon, for respondent.

PER CURIAM. The question of law for review is not stated, nor can it be discovered in the moving papers. White v. Balta (herewith decided) 28 N. Y. Supp. 3. Motion denied, with $10 costs.

---

(31 Abb. N. C. 100; 7 Misc. Rep. 582.)

GINDRE et al. v. KEAN.

(Common Pleas of New York City and County, Equity Term. March, 1894.)

1. FACTORS AND BROKERS—DEL CREDERE AGENT.
   The liability of a del credere agent to his principal for goods sold is that of a surety, only, and the purchaser is the primary debtor.

2. SAME—COURSE OF DEALING TO AFFECT ORIGINAL CONTRACT.
   The fact that a del credere agent, at times, remitted for goods sold by him before the price became due from the purchaser, does not show such a course of dealing between him and his principal as will alter the original relation, and render the agent primarily liable for goods sold by him, where the principal instructs him to make no more remittances before maturity.

Action by Claude Gindre and others against Cyrus V. Kean, as assignee for the benefit of creditors of Edward M. Benjamin, to recover moneys collected by defendant, subsequent to the assignment by him for the benefit of creditors, on account of goods sold by the assignor as a del credere agent for plaintiffs. Judgment for plaintiffs.

Stephen Van Wyck, for plaintiffs.
J. Hampden Dougherty, for defendant.

BISCHOFF, J. Pursuant to Gindre & Co.'s proposition of April 24, 1889, and accepted by Benjamin on the 7th of May following, the former were to consign the silks of their manufacture for sale; the latter to receive a commission of 6 per cent. upon the sales, for guaranty, storage, insurance, and all other expenses. That this constituted the parties principal and factor respectively is clear and con-